IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ADVANCED DRAINAGE SYSTEMS, INC.

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Civil Action No. 2:12-CV-1121

QUALITY CULVERT, INC.,　　　　　　　　Judge Economus
COUNTY PIPE CORP., and
JOHN H. SONNENTAG,　　　　　　　　　Magistrate Judge Abel

    Defendants.

**STIPULATED PROTECTIVE ORDER**

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.　　**Scope.**  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.  The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.　　**Form and Timing of Designation.**  A producing party, person or entity may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" on the document in a

manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL or ATTORNEY'S EYES ONLY designation.  Documents shall be designated CONFIDENTIAL or ATTORNEY'S EYES ONLY prior to or at the time of the production or disclosure of the documents.  The designation "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

      3.    **Documents Which May be Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY.**  Any producing party, person or entity may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, proprietary information, personnel records, or such other sensitive commercial information that is not publicly available.

Any producing party, person or entity may designate documents as ATTORNEY'S EYES ONLY upon making a good faith determination that the document, or information set forth therein, contains highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another party could result in harm to the disclosing party.  Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY.

      4.    **Depositions.**  Deposition testimony shall be deemed CONFIDENTIAL or ATTORNEY'S EYES ONLY only if designated as such.  Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY and shall be made in good faith.  Thereafter, the deposition

transcripts and any portions so designated shall be protected as CONFIDENTIAL or ATTORNEY'S EYES ONLY, pending objection, under the terms of this Order.

    **5.**    **Protection of Confidential Material**.

    **(a)**    **General Protections.**  Documents designated CONFIDENTIAL or ATTORNEY'S EYES ONLY under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    **(b)**    **Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL or ATTORNEY'S EYES ONLY documents to any third person or entity except as set forth in subparagraphs (1)-(5) below.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL or ATTORNEY'S EYES ONLY:

        **(1)**    **Counsel.**  Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action. Any document designated ATTORNEY'S EYES ONLY may not be viewed by in-house counsel (attorneys who are employed by a party). Only outside counsel (attorneys who are not employed by a party and who have been retained for this action) may view documents designated ATTORNEY'S EYES ONLY except as set forth in Section 5(b)(2).

        **(2)**    **Parties.**  Parties and certain employees of a party to this Order, but only after such person has been provided with a copy of this Order and has agreed

to be bound by its terms.  Regarding employees of a party, disclosure of an ATTORNEY'S EYES ONLY document is permissible if: (a) the employee is the author or recipient of the document as evidenced by the document itself; (b) the employee participated in the drafting of the document which must be established prior to disclosing the document to the employee either through consult with counsel or after examination of the employee; or (c) the employee has previously seen the document or has direct knowledge of the information contained therein, either of which must be established prior to disclosing the document to the employee either through consult with counsel or after examination of the employee.

**(3)** **Court Reporters and Recorders; Court Personnel; and Witnesses.**  Court reporters and recorders engaged for depositions, hearings, official proceedings where sworn testimony is taken and a trial of this action, the Court and its personnel in attendance and applicable witnesses.

**(4)** **Consultants, Investigators and Experts.**  Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have been provided with a copy of this Order and have agreed to be bound by its terms.

**(5)** **Others by Consent.**  Other persons only by prior written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.  All such persons shall be provided with a copy of this Order and shall agree to be bound by its terms.

**(c)** **Control of Documents.**  Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY pursuant to the terms of this Order.

**(d)** **Copies.**  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL or ATTORNEY'S EYES ONLY if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**6.** **Clawback Provision**.

**(a)**    The parties recognize that the prosecution and defense of this action has required and will require each party to review and to disclose large quantities of information and documents through the discovery process.  As a result, documents and images of documents produced for inspection by, copied by, or delivered to another party, inadvertently could include materials subject to privilege or other legally recognized protection (hereinafter privileged information) and therefore not subject to disclosure in discovery.  Such inadvertent disclosure of privileged information or documents is possible despite due diligence and reasonable care taken to protect privileged information.

**(b)** Inadvertent disclosure of any information or document which the producing party later claims should not have been disclosed because of any privilege will not be deemed to constitute the waiver of the privilege. The parties agree that none shall claim or otherwise urge the Court to deem a privilege to have been waived solely on the basis of the inadvertent disclosure of the information or document to which the privilege applies.

**(c)** If a party determines that it has inadvertently produced privileged information, that party may notify the receiving party, and the receiving party shall not refer to, quote, cite, rely upon or otherwise use the information until the Court has made a determination regarding its discoverability.

**(d)** If a party receives and reviews information that appears on its face to be privileged information inadvertently produced by another party, the receiving party shall notify the producing party and shall not refer to, quote, cite, rely upon or otherwise use the information until the producing party has had an opportunity to object to the use of such information. Nothing herein shifts the burden for designation of privileged materials to the receiving party.

**(e)** Upon notification from a producing party, the receiving party shall, within ten (10) business days, return all documents which were inadvertently produced and shall destroy all copies of any such documents maintained in any physical or electronic format certifying such action in writing to the producing party within the aforementioned time.

**7. Filing of CONFIDENTIAL or ATTORNEY'S EYES ONLY Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document

marked as CONFIDENTIAL or ATTORNEY'S EYES ONLY, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information

**(a)** Before any document marked as CONFIDENTIAL or ATTORNEY'S EYES ONLY is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL or ATTORNEY'S EYES ONLY to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

**(b)** Where agreement is not possible or adequate, before a CONFIDENTIAL or ATTORNEY'S EYES ONLY document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER DOCUMENTS" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" displaying the case name, docket number, a designation of what the document is, the name of the party on whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

**(c)** To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL or ATTORNEY'S EYES ONLY documents. The confidential version shall be a full and complete version of the pleading

and shall be filed with the Clerk under seal as above.  A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

**(d)** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

**8.     Challenges by a Party to Designation as Confidential or Attorney's Eyes Only or Redaction of Certain Information.**  Any CONFIDENTIAL or ATTORNEY'S EYES ONLY designation is subject to challenge by any party or nonparty with standing to object (hereafter "party").  Before filing any motions or objections to a designation with the Court, the objecting party shall have an obligation to meet and confer (including by telephonic conference) in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEY'S EYES ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.  The party designating the information as either CONFIDENTIAL or ATTORNEY'S EYES ONLY shall bear the burden to show cause for that designation.

Also, a party receiving an ATTORNEY'S EYES ONLY document may request the Court to permit a designated person, including a party, to review the ATTORNEY'S EYES ONLY document.  In advance of so doing, the requesting party must notify the other party in writing of its intention to seek the Court's permission to disclose the ATTORNEY'S EYES ONLY to a designated person.

**9.     Action by the Court.**  Applications to the Court for an order relating to any documents designated CONFIDENTIAL or ATTORNEY'S EYES ONLY shall be by motion under Local Rule 7.2 and any other procedures set forth in the presiding judge's standing orders or other relevant orders.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced for use in discovery or at trial.

**10.    Use of Confidential or Attorney's Eyes Only Documents or Information at Trial.**  All trials are open to the public.  Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial.  If a party intends to present at trial CONFIDENTIAL or ATTORNEY'S EYES ONLY documents, or information derived therefrom, such party shall provide advance notice to the other party at least thirty (30) days before trial pursuant to Fed. R. Civ. P. 26(3)(B) by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL or ATTORNEY'S EYES ONLY documents or information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**11.    Obligations on Conclusion of Litigation**.

(a)    **Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    **Return of CONFIDENTIAL or ATTORNEY'S EYES ONLY Documents.**  All documents treated as CONFIDENTIAL or ATTORNEY'S EYES ONLY under this Order, including copies as defined in ¶ 5(d), shall be returned to the

producing party on the schedule specified below at sub-section 10(c) unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL or ATTORNEY'S EYES ONLY, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.  This work product shall continue to be CONFIDENTIAL or ATTORNEY'S EYES ONLY under this Order.  An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use CONFIDENTIAL or ATTORNEY'S EYES ONLY documents.

  **(c)**  **Specified Schedule for the Return of CONFIDENTIAL or ATTORNEY'S EYES ONLY Documents.**  After dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL or ATTORNEY'S EYES ONLY under this Order shall be returned according to the following schedule: (1) persons authorized to review documents under Paragraphs 5(b)(2) and (5) who are not counsel to the parties or retained experts shall return documents to the producing party within thirty days after dismissal or entry of final judgment not subject to further appeal and (2) persons authorized to review documents under Paragraph 5(b)(1) and (4) who are counsel for the parties or retained experts shall return documents

to the producing party within thirty days after the expiration of the period of limitations for actions for malpractice and professional negligence.

**(d)** **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**12.** **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.2 and the presiding judge's standing orders or other relevant orders.

**13.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL or ATTORNEY'S EYES ONLY by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue. A party does not admit that any document (or the information contained therein) is a trade secret, confidential, commercially sensitive or otherwise protected by the law by agreeing to enter into this Stipulated Protective Order or by not challenging its designation as CONFIDENTIAL and/or as ATTORNEY'S EYES ONLY by the producing party under Section 7 of the Stipulated Protective Order or by other motion with the Court.

14. **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties and persons made subject to this Order by its terms.

*So Ordered.*

Dated: July 9, 2013                                                                    s/Mark R. Abel
                                                                                                       Magistrate Judge Abel

- 13 -

**WE SO STIPULATE AND AGREE TO ABIDE BY THE TERMS OF THIS ORDER:**

| | |
|---|---|
| /s/ Jessica D. Goldman | /s/ Mark E. Schmidt |
| Jessica D. Goldman (0077049) | Mark E. Schmidt (*pro hac vice*) |
| Squire Sanders (US) LLP | von Briesen & Roper, s.c. |
| 2000 Huntington Center | 411 E. Wisconsin Ave., Suite 1000 |
| 41 S. High Street | Milwaukee, WI  53201 |
| Columbus, OH  43215 | (414) 276-1122 |
| (614) 365-2700 | (414) 238-6627 - Facsimile |
| (614) 365-2499 – Facsimile | mschmidt@vonbriesen.com |
| jessica.goldman@squiresanders.com | |
| | |
| Attorney for Plaintiff | Attorneys for Defendants |